CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RK
OCT 25 2010
JULIA C. DUDLEY, CLERK
BY: HMcDonna Oc
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID W. WILLIAMS, | ) | Civil Action No. 7:10-cv-00404 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R. C. MATHENA, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

David W. Williams, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names sixteen defendants who associate with the Virginia Department of Corrections ("VDOC"): R. C. Mathena and J. Kiser, the warden and assistant warden of Keen Mountain Correctional Center ("KMCC"); John Garmin, a VDOC regional director; D. Vass and Unknown Employee, the Director and a subordinate of Central Classification; J. Vass, Programs; Mr. Former, a counselor; Chaplain Rod Wicker; Mr. Baker, a psychologist; and correctional officers Major Newberry, Captain Gayheart, Lieutenant Honaker, Sergeant Ratliff, Sergeant White, Officer Reynolds, and Officer Miller. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss several claims without prejudice for failing to state a claim upon which relief may be granted. However, plaintiff's excessive force claims remain.

I.

Plaintiff alleges the following facts in his verified complaint. Baker, Kiser, and Vass retaliated against plaintff because of his court filings, grievances, religion, and race by transferring him from the control unit at KMCC to the mental health ward at the Powhatan Correctional Center ("PCC") for eight days. Plaintiff believes he has an enduring stigma of being labeled crazy. Plaintiff argues that the transfer violated his First Amendment right to

religion and to petition the courts and his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also alleges that these three defendants hindered time-sensitive filings by denying him access to his property, the law library, mail services, and inmate fund transfers. Plaintiff also complains of the loss of institutional privileges upon his transfer to the psychiatric ward.

Plaintiff alleges that correctional officers Miller and Ratcliff used excessive force against him during his prison transfer. Plaintiff complains that these defendants repeatedly and unnecessarily jerked his handcuffs and stepped on his ankle-cuff chain. Plaintiff alleges he received bruises and cuts on his ankles and cuts. The officers also allegedly made racist and other derogatory remarks.

Plaintiff alleges that Mathena, Kiser, Newberry, Gayheart, and Honaker are liable for their failure to train their subordinates about the following alleged events: he did not receive recreation for a month; he did not receive legal mail on September 18, 2009; he was not permitted to use the phone on August 22, 2009; he could not see the institutional attorney on October 19 and 21, 2009; his religious affiliation documents were not timely processed between August 5, 2009, and October 21, 2009; consequently, his religious dietary needs were not met between August 5, 2009, and October 21, 2009; his toilet backed up between July 25 and 27, 2009; officers spoke racial slurs at him on September 6 and 11, 2009, and on October 21, 2009; and various officers interrupted his sleep between August 9 and 19, 2009. Plaintiff requests as relief $50,000.00 dollars in compensatory damages.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or

claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.

1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff's complaints about being called racial slurs fails to state a claim upon which relief may be granted. When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C. 1990) (same). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a

§ 1983 claim."). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).

Petitioner fails to state a claim under the First or Eighth Amendments about his transfer to the psychiatric ward. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). Plaintiff's fear of other people labeling him crazy because of an eight-day stay at a prison-medical facility is not a deprivation of a basic human need. Without any additional information, plaintiff's mere conclusion that prison officials transferred him to the psychiatric ward because of his religion, litigation, and grievances is not presently entitled to an assumption of truth. Furthermore, plaintiff does not describe what institutional privileges he lost upon the transfer or how they constitute a deprivation of a basic human need. Moreover, plaintiff fails to carry his burden to establish that some protected conduct was a substantial motivating fact in prison officials' decision to transfer him to the psychiatric ward or that he suffered some adversity. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996); ACLU of Md. v. Wicomico Cnty, Md., 999 F. 2d 780, 785 (4th Cir. 1993).

Plaintiff fails to state a claim about his toilet "backing up." An inoperable toilet is not a sufficient basis to establish a deprivation of a basic human need. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Similarly, plaintiff's complaints that he could not use the phone for one day and that officers temporarily interrupted his sleep are not sufficiently serious deprivations of basic human needs. Furthermore, plaintiff does not sufficiently indicate the defendants' culpable states of mind about these minor and transient inconveniences. Regarding plaintiff's claim about lack of recreation, plaintiff does not have a constitutional right to activities designed for

relaxation or enjoyment, and he fails to state how he was prohibited from exercise or that he suffered any serious or significant physical or emotional injury as a result. See, e.g., Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Plaintiff fails to establish that prison officials knowingly placed a substantial burden on his ability to practice his religious beliefs by taking several weeks to adjudicate his religious food request. See Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 450 (1988) ("[I]ncidental effects of government programs, which may make it more difficult to practice certain religions but which have no tendency to coerce individuals into acting contrary to their religious beliefs" are insufficient to state a claim under Free Exercise Clause). Plaintiff does not describe his religious need for certain foods or describe how it relates to the requested regular or religious diet. Furthermore, an official's accidental or negligent delay that impinges to some degree on an inmate's religious practice is insufficient to support an actionable constitutional claim. See Lovelace v. Lee, 472 F.3d 174, 194 (4th Cir. 2006).

Plaintiff's complaints about the prison transfer, time sensitive court documents, and access to an institutional attorney also do not state a claim under the First Amendment. Plaintiff fails to plead how any alleged interference with accessing courts caused him prejudice. See Lewis v. Casey, 518 U.S. 343 (1996).

For plaintiff's claim that supervisors failed to train their subordinates, plaintiff also fails to state a claim. Plaintiff's only allegation against these defendants for failing to train is that the subordinates worked under their respective supervision. However, supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part

of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). See also City of Canton v. Harris, 489 U.S. 378, 388-92 (1989). Plaintiff fails to establish that a failure to train actually caused the constitutional breach. Notably, a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

III.

For the foregoing reasons, all of the claims presented in plaintiff's complaint except for his claim of excessive force against Officers Miller and Ratcliff are **DISMISSED without prejudice** and all defendants except for Miller and Ratcliff are **TERMINATED** as defendants. Therefore, plaintiff's Eighth Amendment excessive force claims against defendants Miller and Ratcliff remain, and plaintiff may refile the dismissed claims in a new and separate action at a time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 25th day of October, 2010.

Jackson L. Kiser
Senior United States District Judge