CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC - 2 2010

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

DAVID W. WILLIAMS,         )     Civil Action No. 7:10-cv-00404
      Plaintiff,             )
                            )

v.                              )     **MEMORANDUM OPINION**
                            )

R. C. MATHENA, et al.,        )     **By: Hon. Jackson L. Kiser**
      Defendants.          )     **Senior United States District Judge**

Plaintiff filed a motion requesting a preliminary injunction against the defendants, two correctional officers employed by the Virginia Department of Corrections ("VDOC"). The only claim presently before the court is plaintiff's allegation that the defendants used excessive force against him.

In his motion, plaintiff argues that he is suffering from retaliatory transfers and will suffer irreparable harm because his "entire facility is a security risk" for his safety. Plaintiff further complains that VDOC staff placed him in segregation on "trumped-up" charges. Plaintiff requests a transfer from his current correctional facility to a facility of his choice.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

Plaintiff's request for a transfer to another facility is not related to the remaining claim of excessive force. Therefore, no injunction will issue for his complaints about his transfers. See Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997) (stating movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to his complaint). See also In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003) (stating that without this relationship, the court should not consider the factors for preliminary injunctive relief). Additionally, plaintiff failed to satisfy the requirements of Winter with his speculative claims of retaliation and future harm. Plaintiff also fails to establish how an order based on speculative and unsubstantiated fears of retaliation furthers the public's interest when that interest is served by maintaining discipline and housing inmates at an appropriate facility. Furthermore, prisoners do not have any right to be housed in a particular facility. See, e.g., Meachum v. Fano, 427 U.S. 215 (1976) (stating no constitutional right for prisoners to be incarcerated at a particular facility). Moreover, involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Finally, releasing plaintiff from disciplinary segregation would run afoul of the principles espoused in Heck v. Humphrey, 512 U.S. 477, 486-88 (1994). Based on the allegations in the complaint and the present status of the case, plaintiff fails to establish an entitlement to a preliminary injunction, and I deny his request.

2

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 2nd day of December, 2010.

Senior United States District Judge